CHADLEN D. SMITH #97703
ISCC E-2
PO BOX 70010
BOISE, IDAHO 83707

PLAINTIFF PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SOUTHERN CALENDAR

CHADLEN D. SMITH,                      )
                                       )    CASE NO. 1:22-cv-00527-BLW
        PLAINTIFF,                     )
                                       )
        -vs-                           )
                                       )
POST FALLS, IDAHO POLICE DEPART-       )
MENT, SUED IN ITS OFFICIAL CAPACITY;   )
                                       )
DENISE WOOLDRIDGE, EMERGENCY COMMU-    )
NICATIONS OFFICER FOR POST FALLS       )
POLICE DEPARTMENT, SUED IN HER IN-     )
DIVIDUAL AND OFFICIAL CAPACITY;        )
                                       )
BLAINE COUSINS; NEIL UHRIG: BRIAN      )
HARRISON; DANIEL SANICOLA; PAT         )
KNIGHT; PAT EISMANN; C. MOROZUMI;      )
W. GOODE; REBECCA PEREZ' PHILLIP       )
BOWMAN,POST FALLS POLICE OFFICERS,     )
SERGEANT(S), DETECTIVE(S), AND         )
PROSECUTOR(S), SUED IN THEIR IN-       )
DIVIDUAL AND OFFICIAL CAPACITIES;      )
                                       )    PLAINTIFF'S FIRST AMENDED COM-
JUDGES-ROBERT BURTON; JOHN CAFFERTY;   )    PLAINT FOR DECLARATORY AND IN-
AND MAYLI WALSH, SUED IN THEIR         )    JUNCTIVE RELIEF, AND DAMAGES
OFFICIAL CAPACITIES;                   )
                                       )
UNKNOWN JOHN AND JANE DOE OFFICERS,    )
SERGEANT(S), DETECTIVE(S), PROSE-      )
CUTOR(S), AND JUDGE(S, ONE-TO-TEN,     )
SUED IN EITHER THEIR INDIVIDUAL        )    DEMAND FOR JURY TRIAL HEARING:
AND/OR OFFICIAL CAPACITIES,            )
                                       )
        DEFENDANTS.***                 )
_____)

*** PLAINTIFF GIVES NOTICE THAT ALTHOUGH NOT IDENTIFIED AS DEFENDANTS,
THE FACTUAL ALLEGATIONS IDENTIFIED UNDER EXHIBIT-34, RELATE TO THE IDOC
FACILITIES ACCESS TO COURT PARALEGALs' FAILURE TO TIMELY FILE THE INITIAL
COMPLAINT.

## JURISDICTION -I

1.    THIS IS A CIVIL COMPLAINT AUTHORIZED BY 42 USC § 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE U.S. AND IDAHO CONSTITUTIONS.  THE COURT HAS JURISDCITION UNDER 28 USC §§ 1331 AND 1343(a)(3).  PLAINTIFF SEEKS DECLARATORY RELIEF UNDER 28 USC §§ 2201 & 2202, AND INJUNCTIVE RELIEF AUTHORIZED BY 28 USC §§ 2283 & 2284, AND IDAHO & FEDERAL RULES-65 OF THE CIVIL PROCEDURES.  ALSO, PLAINTIFF SEEKS **PENDANT** JURISDICTION AS WELL. PLAINTIFF SEEKS THE COURT TO TAKE JURISDICTION UNDER 42 USC §§ 12101-THRU-12213 (A.D.A.), AND UNDER **TITLE VII** DUE TO THE DISCRIMINATION AGAINST THE DISABLED.

## VENUE -II

2.    THE U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO (CURRENTLY IN THE SOUTHERN  CALENDAR) IS AN APPROPRIATE VENUE UNDER 28 USC § 1391(b)(2), BECAUSE PLAINTIFF CURRENTLY RESIDES AT THE IDAHO STATE CORRECTIONAL CENTER (ISCC), WITH THE INJURIES TAKING PLACE IN THE NORTHERN CALENDAR.

## PARTIES -III

3.    PLAINTIFF CHADLEN D. SMITH IS A CITIZEN OF THE STATE OF IDAHO, RE-SIDING AT THE IDAHO STATE CORRECTIONAL CENTER (ISCC), E-2, PO BOX 70010, BOISE, IDAHO 83707, AS AN INCARCERATED OFFENDER.  AT ALL TIMES RELEVANT TO THIS AMENDED COMPLAINT IS THE INJURED PARTY.

4.    DEFENDANT POST FALLS POLICE DEPARTMENT (PFPD) IS A STATE GOVERNMENT ENTITY UNDER THE CONTROL OF THE POST FALLS CITY MAYOR AND CITY COMMIS-SIONERS, LOCATED AT **POST FALLS, IDAHO,** AND AT ALL TIMES RELEVANT TO THIS AMENDED COMPLAINT ARE THE RULES AND POLICIES MAKERS GOVERNING THE PFPD'S CONDUCT WHOM FAILED TO PROPERLY TRAIN THEIR POLICE OFFICERS TO COMPLY WITH THE LAWS OF THE STATE OF IDAHO, AND AS A RESULT WAS THE CAUSE OF THE INJURIES TO PLAINTIFF, AND ARE SUED IN THEIR OFFICIAL CAPACITY.
5.    DEFENDANTS DENISE WOOLDRIDGE(ECO), BLAINE COUSINS, NEIL UHRIG, DANIEL SANICOLA, PAT KNIGHT, PAT EISMANN, C. MOROZUMI, W. GOODE, REBECCA PEREZ, PHILLIP BOWMAN, UNKNOWN JOHN & JANE DOES'·1-THRU-10, ARE PFPD OFFICERS, SERGEANT(S), POLICE CHIEF/DEPUTY CHIEF(S), DETECTIVES(S), AND PROSECUTORS, ARE EMPLOYEES OF THE PFPD AND THE CITY MAYOR/CITY COMMISSIONERS, ARE THE INDIVIDUALS THAT CAUSED OR ALLOWED TO CAUSE THE INJURES SUFFERED BY THE PLAINTIFF, AND ARE SUED IN THEIR INDIVIDUAL AND/OR OFFICIAL CAPACITIES.

5*a*.  DEFENDANTS JUDGES ROBERT BURTON, JOHN CAFFERTY, MAYLI WALSH, AND UNKNOW JUDGE(S) JOHN OR JANE DOES, ARE THE JUDGES LOCATED IN EITHER POST FALLS, IDAHO AND/OR KOOTENAI COUNTY COURT(S), OF THE STATE OF IDAHO, AND ARE THE JUDGES THAT ILLEGALLY AND UNCONSTITUTIONALLY BOUND PLAINTIFF OVER ON EXAGGERATED OR FALSIFIED CHARGES AND/OR TRIED THE PLAINTIF ON THESE CHARGES, AND ALL TIMES RELEVANT ARE PART OF THE DEFENDANTS THAT CAUSED PLAINTIFF'S INJURIES, AND SUED IN THEIR OFFICIAL CAPACITIES.

---

1.    PLAINTIFF WILL NOTIFY THE COURT OF THE NAMES OF THE UNKNOWN DEFEN-DANTS WHEN THEY ARE DISCLOSED.

6.   PLAINTIFF SEEKS DAMAGES IN EXCESS OF $1,000,000 (CONPENSATORY & PUNITIVE DAMAGES).

## FACTUAL ALLEGATIONS -IV

7.   ON 12/20/2020 DEFENDANT OFFICER BLAINE A. COUSINS   (HEREINAFTER

"COUSINS   ") OF THE POST FALLS POLICE DEPARTMENT (PFPD), UNLAWFULLY,

ILLEGALLY, UNCONSTITUTIONALLY DID DETAIN PLAINTIFF AND SEIZE PLAINTIFF'S

DRIVER'S LICENSE, VEHICLE REGISTRATION, AND INSURANCE INFORMATION,IN VIO-

LATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION, DURING AN

UNLAWFUL PRETEXTUAL, ABSENT ANY PROBABLE CAUSE, OF PLAINTIFF'S VEHICLE,

WHOM ALLEGED THE STOP WAS "INVESTIGATIVE."

8.   THE REPORTING DOCUMENTS FROM DEFENDANT   COUSINS   REPORT, #20PF33081

STATED THAT THE INCIDENT OCCURED IN FRONT OF A RESIDENCE LOCATED AT 3019

N. ALFALFA LOOP, POST FALLS, IDAHO, THAT THIS DEFENDANT STOPPED PLAINTIFF

FOR ALLEGEDLY ACTING WITH "SUSPICIOUS BEHAVIOR" WHICH WAS ALLEGEDLY RE-

PORTED BY A FELLOW PFPR "EMERGENCY COMMUNICATIONS OFFICER" (ECO), MS.

DENISE MARIE WOOLDRIDGE (HEREINAFTER "WOOLDRIDGE").

9.   DEFENDANT COUSINS'   FALSELY REPORTED AND CLAIMED PLAINTIFF HAD COM-

MITTED A TRAFFIC INFRACTION BY FAILING TO "FULLY SIGNAL" A RIGHT TURN WHILE

DRIVING ON ALFALFA LOOP THEN THROUGH THE "CUL-DE-SAC". INITIALLY, HOWEVER,

DEFENDANT COUSINS   WAS QUESTIONING PLAINTIFF ABOUT ALLEGEDLY FOLLOWING

ANOTHER VEHICLE.  IT WAS LATER DISCOVERED THAT IT WAS ECO WOOLDRIDGE

WHO HAD ALLEGEDLY CLAIMED MAKING THIS STATEMENT.

10.  IT SHOULD BE NOTED AT THIS TIME, THAT THE ALLEGED VIOLATION OF I.C.

49-808(2) AS IDENTIFIED IN THE POLICE REPORT, REGARDING TURN-SIGNALS

DOES NOT EXIST AS THE STATUTE REQUIRES NO SUCH TURNING SIGNAL IN THIS

SITUATION.

11. AS A MALICIOUS RETALIATORY ACT, DEFENDANT COUSINS ISSUED A WARNING NOTICE, #PFW21011, FOR ALLEGEDLY FAILING TO SIGNAL PROPERLY PURSUANT TO I.C. 49-808(2) AS WELL AS AN "IDAHO UNIFORM CITATION", (PF# 94731), FOR AN INVALID DRIVER'S LICENSE,(WHICH WERE EVENTUALLY DISMISSED BY THE COURT.)

12. APPARENTLY PEOPLE AROUND THE NEIGHBOHOOD WERE CALLING THE PFPD COM-PLAINING ABOUT PLAINTIFF AND HIS VEHICLE PARKED ON THE STREET, AND DE-FENDANT COUSINS RETURNED AND INFORMED PLAINTIFF THAT HE COULD DRIVE HIS CAR TO A DARK, EMPTY, PARKING LOT NEARBY.[2.] SEE EXHIBIT-1, THE IN-CIDENT REPORT #20PF33081.

13. THE FOLLOWING DAY, 12/21/2020, WHILE PLAINTIFF WAS SITTING IN HIS VEHICLE AWAITING HIS MOTHER AND FEMALE COUSIN TO ARRIVE TO ASSIT IN PICKING UP PLAINTIFF'S VEHICLE, A FEMALE RESIDENT CAME OUT OF HER RE-SIDENCE, ORDERING PLAINTIFF TO MOVE HIS VEHICLE UNDER NUMEROUS THREATS, PLAINTIFF DECIDED TO REPORT THE FEMALE'S ORDERS AND THREATS TO PFPD, INCIDENT REPORT #20PF33116. SEE EXHIBIT-2 HERETO.

14. AFTER THE ALTERCATION WITH THE UNKNOWN WOMAN, PLAINTIFF WENT TO A NEARBY VETERAN'S HOME/FACILITY" TO AWAIT THE ARRIVAL OF PLAINTIFF'S MOTHER AND FEMALE COUSIN, AND UPON ARRIVAL PLAINTIFF, HIS MOTHER AND FEMALE COUSIN WENT TO GET PLAINTIFF'S CAR, AND WHILE PLAINTIFF'S MOTHER GOT INTO PLAINTIFF'S CAR TO ADJUST THE SEATS, MIRRORS, ETC., IN PREPARATION TO LEAVE, AN UNKNOWN MALE ARRIVE IN A GREEN JEEP. SHORTLY AFTER ENTERING THE RESIDENCE, THE UNKNOWN MALE CAME RUNNING OUT IN A RAGE, BEING EX-TERMELY AGGRESSIVE AND THREATENING TOWARDS PLAINTIFF'S MOTHER, WHILE

---

2. PLAINTIFF GIVES NOTICE THAT MOST OF THIS INFORMATION CAME FROM BOTH "DASH" & "BODY" CAMERAS.

PLAINTIFF WAS SITTING IN HIS COUSIN'S VEHICLE WITH HIS COUSIN, PLAIN-

TIFF BECAME GREATLY FEARFUL AFTER THE UNKNOWN MALE DEMANDED THAT THEY

GET OUT OF THE CAR AND "FIGHT LIKE A MAN!!", PLAINTIFF CALLED THE PFPD

AND EXPLAINED THE SITUATION.  SEE EXHIBIT-3, "PF INCIDENT REPORT #20PF

33128.

15.  ON 12/22/2020 PLAINTIFF WENT TO PFPD TO PICK UP THE PUBLIC RECORDS

HE REQUESTED, INCLUDING INCIDENT REPORT 20PF33081; THE DASH AND BODY

CAMERA FOOTAGE FROM THE 12/20/2020 ENCOUNTER WITH DEFENDANT COUSINS ; AND

PFPD SGT. BRIAN HARRISON (HEREINAFTER "HARRISON") ENCOUNTER.[3]

16.  WHILE PLAINTIFF WAS GETTING THE RECORDS REQUESTED DOCUMENTS AND THE

FOOTAGE FROM THE DASH AND BODY CAMS, PLAINTIFF'S FUJI CAMREA WAS ON THE

COUNTER RECORDING THE TRANSACTION, WHEN ALL AT ONCE OFFICER BRENDA KNIGHT

(HEREINAFTER "KNIGHT"), THEN OFFICER KNIGHT AND OFFICER SANICOLA (HEREIN-

AFTER "SANICOLA") INFORMED PLAINTIFF, WHILE THE CAMERA WAS STILL RECORDING,

HARASSING PLAINTIFF ABOUT HIS RECORDING OF THE LOBBY/ENCOUNTER, THEN FOR-

BID PLAINTIFF FROM RECORDING ANY OTHER PUBLICLY ACCESSABLE SPACE WITHIN

THE PFPD BUILDING.

17.  AFTER PLAINTIFF RECEIVED THE C.D. WITH THE INFORMATION ALLEGEDLY

ON IT, PLAINTIFF DISCOVERED LATER THAT MUCH OF THE INFORMATION THAT WAS

VITAL TO PLAINTIFF HAD BEEN REDACTED, THEREIN PLAINTIFF RESUBMITTED AN

UPDATED "RECORDS REQUEST" THAT INCLUDED ALL THE CAMERA FOOTAGE, AND WAS

WAS INFORMED THAT HE WOULD BE NOTIFIED WHEN THE COMPLETED C.D. WAS READY

FOR PICK-UP.  BETWEEN 12/23 & 12/24/2020, PLAINTIFF WAS CONTACTED VIA

EMAIL THAT THE C.D. WAS COMPLETED, CONTAINING THE MISSING CAMERA FOOTAGE

AND WAS READY FOR PLAINTIFF TO PICK-UP.

---

3.  FOR THE COURT'S INFORMATION, PLAINTIFF RECORDED THE ENCOUNTER WITH
THE PFPD WHILE GETTING THE PUBLIC RECORDS REQUESTED DOCUMENT AND FOOTAGE.

18.   ON 12/28/2020 PLAINTIFF RETURNED TO PFPD TO COLLECT THE COMPLETED C.D.  PLAINTIFF AGAIN RECORDED THE ENTIRE ENCOUNTER, WHICH WAS ALSO DOCU-MENTED ON "INCIDENT REPORT 20PF33674," WHEREIN PLAINTIFF MET PFPD OFFICER PHILLIP BOWMAN (HEREINAFTER "BOWMAN") WHO WAS ACCOMPANIED BY AN "UNKNOWN JOHN DOE-I" WHOM CLAIMED TO BE "SERVING" PLAINTIFF AN "OFFICIAL TRESPASS WARNING NOTICE" AS WELL AS A "CRIMINAL TRESPASS WARNING" FOR PFPD. BUT WHEN ASKED, BOTH OFFICERS REFUSED TO PROVIDE ANY LAWFUL REASON FOR THE ALLEGED TRESPASS NOTICES.  PLAINTIFF WAS DETAINED AND FORCED TO SIGN THE TRESPASS NOTICES.

19.   THE DEFENDANTS THEN NOTIFIED PLAINTIFF THAT HE COULD BE ARRESTED IF HE DID NOT IMMEDIATELY LEAVE THE BUILDING, AS WELL AS BE ARRESTED IF PLAINTIFF RETURNED TO PFPD BUILDING.  FORCING PLAINTIFF TO LEAVE UNDER THREAT OF ARREST FOR REMAINING AND RECORDING THE ENCOUNTER.  IT WAS VERY APPARENT TO PLAINTIFF THAT THE ALLEGED "SERVICE" OF THE "OFFICIAL TRESPASS WARNING NOTICE" AND THE "CRIMINAL TRESPASS WARNING" WERE DONE UNLAWFULLY. THERE WAS NO CRIMINAL CHARGES FOR AN ALLEGED VIOLATION OF ANY CRIMINAL STATUTE FOR ISSUING THESE "NOTICES" ON 12/28/2020.  BECAUSE OF THESE "NOTICES", PLAINTIFF WAS UNCONSTITUTIONALLY FORBIDDEN FROM VIDEO RECORDING OF THE PFPD.  THESE DEFENDANTS LACKED PROPER AUTHORITY TO "TRESPASS" PLAINTIFF FROM CITY OWNED PROPERTY.  THESE DEFENDANTS' ACTIONS ARE CLEARLY "ACTS" OF RETALIATION FOR PLAINTIFF EXERCISING HIS FIRST AMENDMENT RIGHT TO RECORD PUBLIC OFFICIALS AND PUBLIC SPACE, AND IT IS OBVIOUS THAT IT WAS THESE DEFENDANTS WERE **STALKING** AND **TARGETING** PLAINTIFF FOR EXERCISING HIS RIGHTS.   SEE EXHIBIT-4, INCIDENT REPORT 20PF33674, Officer Safety Bulletin.

20.   THE "OFFICIAL TRESPASS WARNING NOTICE" PLAINTIFF RECEIVED STATED THAT PLAINTIFF SHOULD CONTACT POST FALLS CITY ADMINISTRATOR DEFENDANT SHELLY ENDERUD (HEREINAFTER "ENDERUD") FOR ANY APPEAL PURPOSES, AND WHEN

PLAINTIFF CONTACTED DEFENDANT ENDERUD BY EMAIL, SHE STATED THAT PLAINTIFF **WAS NOT ACTUALLY SERVED** WITH AN "OFFICIAL TRESPASS WARNING NOTICE," NOR WAS THERE A TRESPASSING RESTRICTION OF PLAINTIFF FROM **ANY** CITY OF POST FALLS PUBLIC PROPERTY, AND THAT PLAINTIFF WOULD NEED TO TAKE THIS ISSUE UP WITH THE "CHIEF OF POLICE" DEFENDANT PAT KNIGHT.

21.  PLAINTIFF MADE NUMEROUS ATTEMPTS TO CONTACTED BY PHONE DEFENDANT KNIGHT BY LEAVING VOICE MAILS ON 12/31/2020 AND 01/01/2021, AND ADDRESSING THE ALLEGED TRESPASS NOTICES.  SEE INCIDENT REPORT EXHIBIT-5 AND INCIDENT REPORT EXHIBIT-6, 20PF33935 & 21PF00064, ATTACHED HERETO, FROM DEFENDANT SGT. PAT EISMANN (HEREINAFTER "EISMANN").

22.  ON 01/02/2021 PLAINTIFF RETURNED TO THE AREA WHERE DEFENDANT COUSINS MADE THE PRETEXTURAL STOP AND DETAINMENT OF PLAINTIFF ON 12/20/2020 IN ORDER TO ACQUIRE PHOTOGRAPHIC EVIDENCE OF THE AREA, INCLUDING THE CUL-DE-SAC BECAUSE THIS WAS THE AREA IN WHICH DEFENDANT COUSINS BASED HIS CLAIM OF "TURN SIGNAL"VIOLATION.  PLAINTIFF TOOK THE PHOTOGRAPHIC EVIDENCE IN PREPARATION FOR THE UPCOMING HEARING ON THE ALLEGED TRAFIC VIOLATION RE: INVALID DRIVERS.

23.  WHILE PLAINTIFF WAS IN THE PROCESS OF TAKING THE PHOTOGRAPHIC EVI-DENCE, BOTH FROM INSIDE PLAINTIFF'S CAR AND OUTSIDE OF PLAINTIFF'S CAR, PLAINTIFF WAS APPROACHED BY A MR. ORRIN NEESE WHO QUESTIONED PLAINTIFF REGARDING THE PHOTOGRAPHS, AND HIS WIFE, MS. SARAH BOND CALLED THE PFPD MAKING A REPORT IDENTIFIED AS A "SUSPICIOUS CALL," WHEREIN THE INCIDENT REPORT #21PF00154, STATED THAT MR. ORRIN NEESE CLAIMS SOMEONE WAS "TAKING PICTURES OF HOUSES AND BLARING MUSIC."

24.  SHORTLY THEREAFTER, PLAINTIFF DISCOVERED THAT DEFENDANT  COUSINS RAN PLAINTIFF'S LICENSE PLATE NUMBER AND VEHICLE THROUGH THE FREEWAY EAST-BOUND **"BOSS"** CAMERA SYSTEM, ALSO KNOWN AS "AUTOMATIC LICENSE PLATE

READER" (ALPR), LOCATED BETWEEN SPOKANE, WASHINGTON AND POST FALLS, IDAHO, WHICH PLAINTIFF DISCOVERED THAT WHEN DEFENDANT COUSINS USED THE "ALPR" HE DID SO IN VIOLATION OF THE PFPD POLICIES AND WITHOUT THE RE- QUIRED "PROBABLE CAUSE" OF ANY CRIMINAL CONDUCT, WHICH WAS A VIOLATION OF PLAINTIFF'S PROTECTED RIGHTS UNDER THE FIRST, FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND UNDER ART. I, §§ 1, 8, 9, 10, 13, AND 17 OF THE IDAHO CONSTITUTION. SEE INCIDENT REPORT EX- HIBIT-7 #21PF00154.

25. ON 01/03/2021 DEFENDANT COUSINS APPROACHED PLAINTIFF'S VEHICLE WHILE PLAINTIFF WAS PARKED ON ALFALFA LOOP PUTTING IN A CONTACT-LENS, AND PROCEEDED TO UNLAWFULLY AND ILLEGALLY DETAIN PLAINTIFF TO RUN PLAINTIFF'S LICENSE, AND INFORMED PLAINTIFF THAT HE WAS DETAINED FOR QUESTIONING REFERENCING "BEING IN THE AREA."

26. DEFENDANT COUSINS FORCED PLAINTIFF TO EXIT HIS VEHICLE AND WALK TO THE REAR OF HIS PATROL CAR FOR QUESTIONING, AND ASK PLAINTIFF IF PLAIN- TIFF MINDED BEING PAT-SEARCHED, WHICH PLAINTIFF STATED THAT HE **DID** MIND BEING PATTED DOWN. PLAINTIFF THEN ASKED DEFENDANT COUSINS WHAT WAS THE REASONABLE, ARTICULABLE, SUSPICION OF A CRIME THAT HE WAS INVESTIGATING, WHICH DEFENDANT COUSINS STATED, "I DON'T NEED THAT." DEFENDANT COUSINS PROCEEDED TO REPEATEDLY QUESTION PLAINTIFF ABOUT THE PUBLIC PHOTOGRAPHS AND VIDEOING THE PREVIOUS EVENING WHICH INCLUDED THE LOCATION AND CUL- DE-SAC WHERE DEFENDANT COUSINS MADE THE ORIGINAL, UNLAWFUL AND UNCON- STITUTIONAL PRETEXTURAL INVESTIGATIVE STOP AND DETENTION OF PLAINTIFF ON 12/20/2020.

27. BECAUSE OF THE CONTINUED QUESTIONING OF THE SAME QUESTIONS, PLAIN- TIFF FINALLY CHOSE TO NO LONGER CONSENT TO REPEATEDLY ANSWERING THE SAME QUESTIONS, AND THEN DEFENDANT COUSINS, FOR SOME REASON, DETAINED PLAIN-

TIFF , WITH DEFENDANT COUSINS PROCEEDING TO SEIZE PLAINTIFF'S **MOTO-E** CELLPHONE AND PLAINTIFF'S YELLOW **FUJI DIGITAL CAMERA** THAT HAD BEEN RECORDING DEFENDANT COUSINS' ACTIONS, THEN DEFENDANT COUSINS PROCEED TO PLACE PLAINTIFF IN HANDCUFFS.

28. AT THIS POINT DEFENDANT COUSINS PROCEEDED TO CONDUCT AN UNLAWFUL AND UNCONSTITUIONAL SEARCH AND SEIZURE OF THE CONTENTS IN PLAINTIFF'S POCKETS. WHEN PLAINTIFF CONFRONTED DEFENDANT COUSINS , ASKING HIM IF HE WAS "FRISKING" OR "SEARCHING" PLAINTIFF, DEFENDANT COUSINS STATED INCORRECTLY THAT "THEY ARE THE SAME THING" BUT IF PLAINTIFF WOULD LIKE TO ARTICULATE THE DIFFERENCES, PLAINTIFF COULD "GO RIGHT AHEAD." PLAINTIFF THEN BASICALLY LAID OUT THE LEGAL DIFFERENCES BETWEEN THE TWO (2) WORDS AS IDENTIFIED IN **TERRY v. OHIO** ONCE DETAINED AND LOCKED-UP IN DEFENDANT COUSINS' SQUAD CAR, DEFENDANT COUSINS STATED TO AN "UNKNOWN DEFENDANT OFFICER-2" THAT WAS ON THE SCENE, THAT PLAINTIFF WAS IN FACT BEING DETAINED.

29. HOWEVER, PRIOR TO PLAINTIFF BEING ARRESTED FOR AN ALLEGED "SECOND DEGREE STALKING" CHARGE, PFPD DEFENDANT OFFICE C. MOROZUMI (HEREINAFTER "MOROZUMI") CAN BE HEARD ON HIS BODY CAMERA SAYING TO HIS "UNKNOWN DEFENDANT SGT." THAT DEFENDANT COUSINS WAS **"HUNTING"** PLAINTIFF AND:

> "COURSE OF CONDUCT FOR THIS SUBSECTION MEANS REPEATED ACTS OF ONO-CONSENSUAL CONTACT INVOLVING THE VICTIM OR FAMILY OR HOUSEHOLD MEMBERS OF THE VICTIM, PROVIDED HOWEVER THAT CONSTITUTIONAL PROTECTED ACTIVITY IS NOT INCLUDED WITHIN THE MEANS OF THIS DEFINITION.

> "SO OBVIOUSLY THIS IS THE THIRD TIME HE'S BEEN UP HERE AT THIS RESIDENCE. NON-CONSENSUAL CONTACT MEANS ANY CONTACT WITH THE VICTIM THAT IS INITIATED OR CONTINUED WITHOUT THE VICTIMS CONSENT THAT IS BEYOND THE SCOPE OF CONSENT PROVIDED BY THE VICTIM. SO THAT'S THE ONE SPOT I THINK IS A LITTLE BIT MORE OF A GRAY AREA AND THE ONLY REASONS THAT IT HASN'T BEEN TO THAT POINT IS BECAUSE HE DOESN'T KNOW EXACTLY WHERE **DENISE** LIVES BECAUSE WE'VE GONE THROUGH SIGNIFICANT MEANS TO PROTECT THAT INFORMATION, BUT THE FACT IT'S THE THIRD TIME HE'S BEEN UP HERE LOOKING FOR THAT ADDRESS I BELIEVE IN AND OF ITSELF SHOULD CONSTITUTE NON-CONSENSUAL CONTACT."

30. IT'S VERY OBVIOUS THAT DEFENDANT COUSINS DID NOT HAVE THE PROBABLE CAUSE NECESSARY CHARGE OF "SECOND DEGREE STALKING" AND THAT THE CHARGE WOULD PROVIDE THE AUTHORITY FOR DEFENDANT COUSINS TO ENAGE IN A SEARCH OF PLAINTIFF'S VEHICLE IN HOPES OF DISCOVERING SOME FORM OF EVIDENCE THAT WOULD SUPPORT THEIR CHARGE, BUT THE FACT IS, **THERE WAS NO EVIDENCE IN THE PLAINTIFF'S VEHICLE NOR ON PLAINTIFF'S PERSON THAT SUPPORTED SUCH A CHARGE!** BOTH THE UNITED STATES AND IDAHO CONSTITUTIONS PROHIBIT THE UNREASONABLE SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE.

31. AS DEFENDANT MOROZUMI ADMITTED, PLAINTIFF HAD NO IDEA WHERE DEFENDANT WOOLDRIDGE LIVED, NOR HAD THERE BEEN ANY NON-CONSENSUAL CONTACT BETWEEN THE TWO.  IT SHOULD BE NOTED THAT PURSUANT TO ART.-I, § 17 OF THE IDAHO CONSTITUTION, THAT THE POLICE COULD NOT ARREST PLAINTIFF FOR A MISDEMEANOR THAT IS NOT OCCURING IN THEIR PRESENCE.  THIS DEMONSTRATES THAT DEFENDANT COUSINS UNCONSTITUTIONALLY AND ILLEGALLY SEIZED PLAINTIFF'S **SAM-SUNG** SMART CELL-PHONE, PLAINTIFF'S **MOTO-E** SMART CELL-PHONE, PLAINTIFF'S **ZTE** FLIP-PHONE, AND PLAINTIFFF'S **FUJI DIGITAL** CAMERA FROM PLAINTIFF AND PLAINTIFF'S VEHICLE ON 01/03/2021.

32. ALSO, PRIOR TO THE SEIZURE OF THE SAM-SUNG CELLPHONE, AND DURING THE INVENTORY SEARCH OF THE PLAINTIFF'S VEHICLE, THAT WAS SUBSEQUENTLY UN-LAWFULLY AND ILLEGALLY IMPOUNDED, DEFENDANT MOROZUMI CAN BE SEEN ON BOTH HIS BODY CAM AS WELL AS ON DEFENDANT OFFICER W. GOODE (HEREINAFTER "GOODE") BODY CAM, CONDUCTING AN UNCONSTITUTIONAL AND ILLEGAL SEARCH OF THE DATA CONTAINED ON THE CELLPHONE, AND IF ONE LISTENS TO THE AUDIO ONE CAN HEAR DEFENDANT MOROZUMI VERBALLY STATING **"NO RECENT PICTURES, NO RECENT VIDEOS."** SEE INCIDENT REPORT #21PF00169.

33. DESPITE OVERWHELMING EVIDENCE THAT THE CRIME OF STALKING IN THE SECOND DEGREE NEVER OCCURRED, THE CHARGES WERE MALICIOUSLY PROSECUTED.

34. BECAUSE OF THE FALSIFIED, UNLAWFUL AND UNCONSTITUTIONAL SECOND DE-GREE STALKING CHARGE, WHICH CONSIST PLAINTIFF HAVING TO POST A $15,000 BOND THROUGH QUICK RELEASE AND A SUBSTANTIAL IMPOUND FEE TO RECOVERY MASTERS TOWING ON 01/04/2021; ON 01/05/2021 JUDGE BURTON ISSUES AN UN-LAWFUL AND INVALID TEMPORARY **EX PARTE** ORDER AND NOTICE OF HEARING RE: A PROTECTION ORDER, STALKING AND/OR THREATS PURSUANT TO I.C.§ 18-7907. SEE EXHIBIT-9, 01/05/2021 PROTECTION ORDER; ON 01/05/2021 PFPD DEFENDANT DETECTIVE NEIL J. UHRIG (HEREINAFTER "UHRIG"), SOUGHT A WARRANT FROM DEFENDANT JUDGE BURTON (HEREINAFTER "JUDGE BURTON") FOR EVIDENCE OF ANY "STALKING" ACTIVITY ON THE DEVICES UNLAWFULLY AND UNCONSTITUTIONALLY TAKEN ON 01/03/2021, WITH THE WARRANT AUTHORIZING DEFENDANT UHRIG TO SEIZE PLAINTIFF'S DEVICES FROM THE PFPD EVIDENCE ROOM AND CREATE A WRITTEN INVENTORY (SEE EXHIBIT-10, SEARCH WARRANT 01/05/2021); HOWEVER ON 01/07/2021 DEFENDANT UHRIG BEGAN "FORENSICALLY" EXAMING PLAINTIFF'S MOTO-E CELLPHONE BUT REPORTED **NO EVIDENCE OF STALKING,** AND JUST "NUMEROUS PHOTOGRAPHS OF INFANT VAGINAS" AND "PICTURES" OF MARIJUANA GROWING OPERATION (SEE EXHIBIT-11, INCIDENT REPORT #21PF00532; ON 01/08/2021 DEFENDANT UHRIG PERJURED HIMSELF WHEN HE WENT TO DEFENDANT JUDGE STOW (HEREINAFTER "STOW") AND SWORN UNDER OATH THAT HE HAD LOCATED THE SAME PHOTOGRAPHS HE PREVIOUSLY IDENTIFIED, ALLEGING THAT THE PHOTOS WERE CLEARLY CHILD PRONOGRAPHY AS IDENTIFIED UNDER STATE AND FEDERAL LAWS, AND THE JUDGE DETERMINED THAT THIS FACT SUPPORTED A WARRANT UNDER PROBABLE CAUSE ISSUING THE WARRANT. BUT THE WARRANT DID NOTHING MORE THAN AUTHORIZE DEFENDANT UHRIG TO SEIZE THE CELLPHONE AND MAKE AN INVENTORY (SEE EXHIBIT-12, SEARCH WARRANT dated 01/08/2021). DEFENDANT UHRIG RESUMED THE FORENSICALLY SEARCHING PLAINTIFF'S CELLPHONE BUT ONLY LEARNT THAT THE "PORNOGRAPHIC" IMAGES CAME FROM A ME-DICAL P.D.F. FILE THAT WAS A MEDICAL PRESENTATION OF A **VULVAR PATHOLOGY**

BY DR. CASUSSADE.  EVEN THOUGH DEFENDANT UHRIG CONTINUED TO SEARCH THE
DEVICES BUT FOUND NO FURTHER ALLEGED CHILD PORNOGRAPHIC MATERIAL, NOR
ANY EVIDENCE OF "STALKING," AND THE ALLEGED PORNOGRAPHY CAME FROM A
**"MEDICAL JOURNAL"**.  AT THIS POINT DEFENDANT UHRIG BECAME AWARE THAT ANY
"PROBABLE CAUSE" WAS NULLIFIED AND VOID, WHICH MEANS THAT HE HAD NO EX-
PLICIT SEXUAL CONDUCT AND THAT HE HAD NO RIGHT TO CONTINUE TO SEARCH THE
DEVICES; BEGINNING ON 01/08/2021, DEFENDANT UHRIG BEGAN CONTACTING
PLAINTIFF BY EMAIL CLAIMING TO HAVE COMPLETED HIS DIGITAL FORENSIC EX-
AMINATIONS ON PLAINTIFF'S CELLPHONES AND DIGITAL CAMERA AND TO LET HIM KNOW
WHEN PLAINTIFF WOULD LIKE TO COLLECT THEM (SEE EXHIBIT-13, EMAIL FROM
UHRIG); ON 01/11/2021, RATHER THAN ENDING HIS PORNOGRAPHY INVESTIGATION,
DEFENDANT UHRIG ACTUALLY INTENSIFIED HIS INVESTIGATION BY ENGAGING IN A
RUSE TO GET PLAINTIFF TO DRIVE FROM SPOKANE, WASHINGTON TO POST FALLS,
IDAHO CITY HALL TO UNLAWFULLY ARREST PLAINTIFF, WITHOUT A WARRANT, ON
AN EXAGGERATED RESPONSE OF POSSESSION OF CHILD PORNOGRAPHY.  DURING THE
ARREST DEFENDANT UHRIG UNLAWFULLY AND UNCONSTITUTIONALLY SEIZED PLAINTIFF"S
**U.M.X.** SMART-PHONE, PRIOR TO BEING HANDCUFFED, AND HE AGAIN, HAD PLAIN-
TIFF'S VEHICLE IMPOUNDED WITHOUT THE AUTHORITY TO DO SO IN VIOLATION OF
I.C. § 49-662 AS PLAINTIFF WAS LEGALLY PARKED ON PUBLIC PROPERTY NEXT TO
CITY HALL, AND · THEN DEFENDANT UHRIG USED THIS OPPORTUNITY TO CONDUCT AN
INVESTIGATIVE INVENTORY SEARCH WHEREIN HE ILLEGALLY REMOVED PLAINTIFF'S
H.P. PAVILION LAPTOP WITHOUT A WARRANT NOR PLAINTIFF'S PERMISSION (SEE
EXHIBIT-14, I.C. §49-662), AND TO USE THIS ACT AS AN UNLAWFUL EXCUSE
TO SEARCH PLAINTIFF'S VEHICLE WHICH VIOLATED PLAINTIFF'S PROTECTED RIGHTS
UNDER THE U.S. CONSTITUTIONAL FOURTH    AMENDMENT AND ART.-I, § 17 OF
THE IDAHO CONSTITUTION.

35.  AFTER BEING ARRESTED AND HANDCUFFED, PLAINTIFF ASK DEFENDANT UHRIG TO PLEASE ROLL-UP PLAINTIFF'S REAR SEAT WINDOWS WHICH HE STATED THAT ANOTHER OFFICER WOULD TAKE CARE OF ROLLING UP PLAINTIFF'S REAR SEAT WINDOWS.  HOWEVER, THE WINDOWS WERE INTENTIONALLY LEFT DOWN, SITTING IN THE RAIN WHEN IT WAS TOWED BY "RECOVERY MASTERS TOWING", AS SEEN ON THE BODY CAMS AND IN PHOTOS TAKEN BY RECOVERY MASTERS TOWING PRIOR TO BEING TOWED AWAY.

36.  SHORTLY AFTER BEING ARRESTED, DEFENDANT UHRIG AND WITH THE PFPD'S AUTHORITY, DEFENDANT UHRIG POSTED ON THE PFPD OFFICIAL FACEBOOK PAGE A STATEMENT THAT PLAINTIFF POSSESSED **SEVENTEEN** (17) IMAGES OF INFANT AND TODDLER PORNOGRAPHY THAT WAS AN ABSOLUTELY FALSE ALLEGATION.  SEE EXHIBIT-15, FACEBOOK POSTING.

37.  ON 01/12/2021 DEFENDANT DEPUTY PROSECUTOR REBECCA PEREZ (HEREINAFTER "PEREZ") DECLINED PRESSING THE CHARGES AGAINST PLAINTIFF FOR THE MEDICAL DOCUMENTS DEFENDANT UHRIG FOUND ON PLAINTIFF'S PHONE, AND THEN ISSUED A **KCPAO** SCREENING REPORT WHICH ORIGINALLY STATED: "PROSECUTOR'S DECISION-PROSECUTION DECLINED (EXPLAIN BELOW)" AND UNDER "EXPLANATORY REMARKS, COMMENTS: THE IMAGES HERE APPEAR TO BE MEDICAL IMAGES." (THERE WERE SIGNIFICANT CHANGES TO THE PROSECUTOR'S DOCUMENT AT A LATER DATE)  PLAINTIFF HAS INCLUDED A COPY OF THE ALTERED SCREENING REPORT.  SEE EXHIBIT-16, KCPAO SCREENING REPORT.

38.  HOWEVER, DESPITE THE PROSECUTOR'S REFUSAL TO PROSECUTE THE CHARGES, DEFENDANT UHRIG HURRIEDLY PREPARED AND SUBMITTED YET ANOTHER SEARCH WARRANT FOR THE ITEMS TAKEN AS PART OF THE UNLAWFUL ARREST WHICH THE PROSECUTOR HAD INITIALLY DETERMINED LACKED PROBABLE CAUSE.  AGAIN DEFENDANT UHRIG PERJURED HIMSELF IN HIS 01/12/2021 AFFIDAVIT REGARDING CLAIMS OF FINDING CHILD PORNOGRAPHY ON THE PHONE TAKEN FROM THE 01/05/2021 INCIDENT AND THIS WARRANT WAS UNCONSTITUTIONALLY PROCURED. SEE EXHIBIT-17.

39.  ONCE AGAIN, AFTER PLAINTIFF POSTED BOND HE WAS RELEASED FROM THE COUNTY JAIL ON 01/12/2021 AND AGAIN, PAID AN IMPOUND FEE TO "RECOVERY MASTERS TOWING", WITH THE HELP OF PLAINTIFF'S PARENTS WHO DROVE OVER FROM SPOKANE, WASHINGTON, AND PLAINTIFF DISCOVERED, AS HE KNEW, THAT THE WINDOWS IN THE REAR SEATS HAD BEEN LEFT DOWN WITH THE BACK SEATS BEING SOAKING WET.

40.  ONCE PLAINTIFF REACQUIRED HIS VEHICLE, PLAINTIFF CONTACTED THE PFPD TO ARRANGE THE RETRIEVAL OF THE ITEMS THEY (PFPD) HAD "SEIZED" WHICH IN-CLUDED:

    A.    MEDICATION;
    B.    UMX CELLPHONE;
    C.    H.P. PAVILION LAPTOP W/POWER CORD & CARRYING CASE:
    D.    8GB SANDISK USB:
    E.    A GERNIC USB DRIVE: AND
    F.    A 160 GB HARD DRIVE.

                              AS SHOWN BY EXHIBIT-18, 04/04/2023

CORRESPONDENCE.

41.  PLAINTIFF ACQUIRED PERMISSION FOR HIS FATHER TO PICK UP THE SEIZED ITEMS WHILE PLAINTIFF AWAITED FAR AWAY FROM THE PFPD BUILDING IN ORDER TO NOT VIOLATE THE PROTECTION ORDER.  HOWEVER, WHEN PLAINTIFF'S FATHER ARRIVED AT THE PFPD HE WAS INFORMED THAT THEY WOULD NOT RELEASE PLAINTIFF's MEDICATION NOR ANY OF THE OTHER ITEMS SEIZED THAT NIGHT.  THIS APPEARED TO BE AN INTENTIONAL ATTEMPT TO GET PLAINTIFF TO VIOLATE THE PROTECTION ORDER, AS SHOWN BY THE FALSIFIED STATEMENT OF DEFENDANT HARRISON IN INCI-DENT REPORT #21PF00996: "I TOLD CHADLEN I WOULD SEE WHAT I COULD DO, BUT THAT I COULD NOT MAKE ANY PROMISES AND I'D HAVE TO CALL HIM BACK IN A LITTLE WHILE." IT WAS THAT **FALSE-HOPE** THAT PLAINTIFF AND HIS PARENTS EVEN STUCK AROUND POST FALLS, AS WELL AS THE REASON THAT PLAINTIFF'S FATHER DROVE TO THE PFPD TO TRY TO PICK UP PLAINTIFF'S MEDICATION.

42. AFTER PLAINTIFF'S PARENTS RETURNED FROM THE PFPD AND WHILE SPEAKING WITH PLAINTIFF NUMEROUS PFPD DEFENDANT CIRCLED PLAINTIFF'S VEHICLE, DEFENDANT PFPD OFFICER DANIEL SANICOLA PROMPTLY DETAINED PLAINTIFF FOR ALLEGEDLY VIOLATING A "PROTECTION ORDER". DEFENDANT G. WELCH ARRESTED PLAINTIFF CLAIMING THAT HE HAD "PROBABLE CAUSE" PURSUANT I.C. § 39-6312.

43. PLAINTIFF WAS BOOKED INTO THE "KOOTENAI COUNTY PUBLIC SAFETY BUILDING" (KCPSB) UNDER IDAHO UNIFORM CITATION #PF#94927 FOR VIOLATION OF A "PROTECTION ORDER, **SUPRA,** REGARDING "INCIDENT REPORT 21PF00996", BUT THE PROBLEM WITH THIS CHARGE IS THAT IT DOES NOT APPLY TO 39-6312 BECAUSE IT IS THE WRONG ALLEGED CODE AS IT APPLIES TO I.C. § 18-7907. THUS MAKING THE ARREST ACTUALLY A KIDNAPPING/FALSE ARREST CLAIM AGAINST THE DEFENDANTS. SEE EXHIBIT-19, I.C. § 18-7907.

44. AGAIN PLAINTIFF SUFFERED THE INJURY OF HAVING HIS VEHICLE IMPOUNDED DESPITE THE FACT THAT PLAINTIFF'S PARENTS WERE PRESENT AND COULD HAVE STORED PLAINTIFF'S CAR AT THEIR RESIDENCE, BUT THE PARENTS WERE COMPLETELY DENIED ACCESS TO PLAINTIFF'S ABANDENED VEHICLE. SEE EXHIBIT-20, INCIDENT REPORT 21PF00996.

45. ON 01/13/2021 PLAINTIFF WAS ISSUED A NO CONTACT ORDER BASED ON "INCIDENT REPORT 21PF00996" UNDER CRIMINAL CASE NUMBER CR-21-0742 WHICH STATES THAT PLAINTIFF/DEFENDANT HAS BEEN CHARGED OR CONVICTED OF I.C. § 39-6312 "VIOLATE PROTECTION ORDER, WHICH IS FOR 1,500 FEET OF A PROTECTED PERSON," WITH OTHER ISSUES THEREIN. SEE EXHIBIT-21, NO CONTACT ORDER.

46. AGAIN, PLAINTIFF PAID THE BAIL OF $5,000, PAID THE IMPOUND AND TOWING FEES, AND THE STORAGE FEE TO "RECOVERY MASTERS TOWING" TO RETRIEVE PLAINTIFF'S VEHICLE. SEE EXHIBIT-22, ORDER SETTING BAIL.

47.  ON 01/14/2021 DEFENDANT JUDGE MAYLI A. WALSH (HEREINAFTER "WALSH") ISSUED THE ORIGINAL PROTECTION ORDER THAT, IN PART HOLDS, "STALKING AND/OR THREATS (I.C. § 18-79070, WHICH WHICH STATES [PLAINTIFF] RESPON-DENT SHALL NOT...KNOWINGLY REMAIN WITHIN 2,000 FEET OF THE PROTECTED PERSON(S) OR GO WITHIN 2,000 FEET OF: PROTECTED PERSON'S RESIDENCE "WHEREVER LOCATED" "PROTECTED PERSON'S SCHOOL CAMPUS OR WORKPLACE..." ALSO, IT SHOULD BE NOTED THAT DEFENDANT JUDGE WALSH'S PROTECTION ORDER IS UNLAWFUL AS THE ORDER CLEARLY EXCEEDS DEFENDANT JUDGE WALSH'S LAW-FUL AUTHORITY GRANTED TO HER PER I.C. §18-7907. SEE EXHIBIT-23, PROTEC-TION ORDER.

48.  ON 01/21/2021 DEFENDANT PEREZ WAS CONVINCED BY DEFENDANT UHRIG TO CHARGES PLAINTIFF WITH "GENERAL SALE OR DISTRIBUTION OF OBSCENE MATERIAL" WHICH WAS BASED ON THE SAME  IMAGES TAKEN FROM PLAINTIFF'S DEVICES ON 01/11/2021, THAT DEFENDANT PEREZ INITIALLY DECLINED CHARGING PLAINTIFF DUE TO THE FALSE ALLEGATIONS OF "POSSESSION OF CHILD PORNOGRAPHY."  IT IS APPARENT THAT DEFENDANT PEREZ ABUSED THE DISCRETION OF THE COURT AND ACTED IN BAD FAITH BY ALLOWING THE MALICIOUS PROSECUTION OF PLAINTIFF ON THESE DISMISSED CHARGES!

49.  ON 01/27/2021, DEFENDANT PROSECUTING ATTORNEY MATTHEW SIMMONS (HERE-INAFTER "SIMMONS") FILED A DEFECTIVE SWORN CRIMINAL COMPLAINT WHICH CONTAINED NUMEROUS REVERSAL ERRORS AND FALSE CLAIMS.  SEE EXHIBIT-24, SWORN COMPLAINT.

50.  HOWEVER, AS POINTED OUT IN APPOINTED COUNSEL'S JAY W. LOGSDON'S "MOTION FOR ACQUITTAL" WHOM STATED THAT "...THE STATE WOULD HAVE NO POSSIBILITY OF A CONVICTION."  BASED UPON THE COURT'S LACK OF JURISDIC-TION AND THE COURT'S MISAPPLICATION OF THE STATUTES. SEE EXHIBIT-25, MOTION FOR ACQUITTAL.

51. PLAINTIFF POINTS OUT THAT ASIDE FROM FACT THAT THE COURT LACKED JURISDICTION, THE PROSECUTOR'S OWN "MOTION IN LIMINE" ACKNOWLEDGES THAT PLAINTIFF **UNKNOWINGLY** STRAYED WITHIN 2,000 FEET OF THE PROTECTED PERSON'S WORKPLACE.  THERE ARE TWO POINTS TO THIS ISSUE, FIRST, PLAIN-TIFF HAD TO "KNOWINGLY" VIOLATE THE PROTECTION ORDER WHICH PLAINTIFF DID NOW KNOW HE WAS ANYWHERE NEAR THE ALLEGED 2,000 FEET **"NO-GO"** BOUNDARY, THUS THE **"MENS REA"** APPLIES TO PLAINTIFF; SECOND, THE COURT COMPLETELY MIS-READS THE STATUTE AS THE RESTRICTED DISTANCE IS 1,500 FEET.

52. ON 01/12/2022 DEFENDANT JUDGE JOHN A. CAFFERTY (HEREINAFTER "CAFFERTY") ISSUED A "RENEWED PROTECTION ORDER UNDER THE STALKING AND/OR THREATS I.C. § 18-7907 WHICH PLAINTIFF INFORMED THE COURT WAS AN INVALID AND UNCONSTITUTIONAL ORDER AS THE STATUTE STATES THAT A JUDGE CANNOT ONLY PLACE A 1,500 FEET RESTRICTION BOUNDARY...NOT A 2,000 FEET RESTRICTION. SEE EXHIBIT-26, 01/12/2022 PROTECTION ORDER.

53. ON 01/14/2022 DEFENDANT UHRIG FABRICATED AN "INCIDENT REPORT 22PF-01195" WHICH STATES THAT AT 06:29:33 BUT WITHOUT AN ENDING TIMEFRAME, DID PLACE A "YOU-TUBE VIDEO" IN VIOLATION OF THE PROTECTION ORDER. HOWEVER THE REALITY IS THAT PLAINTIFF **DID POST A YOU-TUBE VIDEO,** BUT IT WAS ON 01/28/2022...**NOT** 01/14/2022 AT 06:29:33, FOURTEEN DAYS AFTER DEFENDANT UHRIG FABRICATED THE 01/14/2022 INCIDENT REPORT, WHICH DEFEN-DANT JUDGE STOW USED AS "PROBABLE CAUSE" TO ISSUE A CRIMINAL COMPLAINT CR28-22-2155, ON 02/10/2022.  AGAIN, PLAINTIFF IS THE VICTIM OF A STALKER AND/OR A "STALKING HORSE" ACTIVITY BY THE DEFENDANTS IN THIS PLAINTIFF'S LIFE IN VIOLATION OF THE PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT, AND MALICIOUS PROSECUTION FOR EXERCISING A PROTECTED RIGHT. SEE EXHIBIT-28, CRIMINAL COMPLAINT.

54. ON 03/30/2022 PLAINTIFF WAS ACQUITTED OF THE CHARGES OF "DISTRI-
BUTION OF OBSCENE MATERIAL" BY A TRIAL BY JURY.

55. ON 03/31/2022 ATTORNEY LOGSDON FILED A "MOTION TO DISMISS" ON THE
OTHER CRIMINAL CHARGE, CLAIMING THAT THE CONDITIONS OF THE CIVIL PRO-
TECTION ORDER THAT PLAINTIFF ALLEGEDLY VIOLATED WAS UNCONSTITUTIONAL
IN VIEW OF THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
SEE EXHIBIT-29, MOTION TO DISMISS.

56. ON 05/04/2022 THE PROSECUTOR FILED A "RESPONSE TO DEFENDANT'S
MOTION TO DISMISS" AS THE DEFENDANT PROSECUTOR ELEEN MCGOVERN (HEREIN-
AFTER "MCGOVERN") CONTINUES TO DEMONSTRATE THAT ALL OF THE DEFENDANTS
INVOLVED IN THIS CASE ARE FULLY ENGAGED IN MALICIOUS PROSECUTION, VIO-
LATING PLAINTIFF'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, AND TO
CONTINUE TO RETALIATE AGAIN PLAINTIFF FOR EXERCISING HIS RIGHTS.  See
EXHIBIT-30, RESPONSE TO DEFENDANT'S MOTION TO DISMISS.

57. ON 06/06/2022 ATTORNEY LOGSDON FILED A RESPONSE TO THE STATE'S
RESPONSE TO DEFENDANT'S TO DISMISS CORRECTLY POINTED OUT THAT THE PRO-
SECUTOR FAILED TO PROVIDE ANY LAW THAT ADDRESSES ALLEGED GROUNDS FOR
THE "PROTECTION ORDER" AND VIOLATION THEREOF.  ATTORNEY LOGSDON STATED:

> THE REASON NO SUCH AUTHORITY CAN BE FOUND IN THE STATE'S
> RESPONSE IS SIMPLE: **AMERICANS** ENJOY A FIRST AMENDMENT
> RIGHT TO CRITICIZE ONE ANOTHER. THE MAGISTRATE COURT,
> IN ENTERING AN ORDER THAT WENT BEYOND THE CURTAILMENT
> OF A CONTRACT THAT IS THE EXPRESS PURPOSE OF THE STATUTE,
> AND IN HAVING IGNORED THE FEW AREAS WHERE THE FIRST AMEND-
> MENT PROVIDES NO PROTECTION, VIOLATED THE FIRST AMENDMENT
> IN THIS MATTER.  THIS MUST BE DISMISSED.

SEE EXHIBIT-31, RESPONSE TO STATE'S RESPONSE TO DEFENDANT'S MOTION.

58. ON /8/29/2022 THE TWO CHARGES OF "DOMESTIC VIOLENCE--VIOLATION
OF PROTECTION ORDER UNDER I.C. § 39-6312" WERE FINALLY DISMISSED UPON
THE PROSECUTOR'S MOTION. ON THE SAME DAY, THE SECOND DEGREE STALKING
CHARGE WAS DISMISSED OVER PLAINTIFF'S OBJECTION.  SEE EXHIBITS-32&33,
TWO DISMISSAL ORDERS.

59. ON 12/19/2022 PLAINTIFF WAS SCHEDULED TO SEE THE DEPARTMENT OF CORRECTION'S PARALEGAL IN ORDER TO GET THE INITIAL COMPLAINT COPIED AND ESCANNED TO THIS COURT, BUT FOR REASONS UNKNOWN TO PLAINTIFF THE ACCESS TO COURT PARALEGAL NEVER MET WITH PLAINTIFF.  PLAINTIFF INFORMED THE IDOC SECURITY OFFICERS OF PLAINTIFF'S NEED TO GET THE PARALEGAL TO PICK UP PLAINTIFF'S INITIAL COMPLAINT WHICH WERE IGNORED.  THAT SAME DAY, 12/20/2022, PLAINTIFF WAS INSTRUCTED TO ROLL UP ALL OF HIS PROPERTY IN-CLUDING HIS LEGAL MATERIAL, FOR PREPARATION TO BE TRANSFERRED TO THE IDAHO STATE CORRECTIONAL CENTER (ISCC).  PLAINTIFF WAS TRANSFERRED ON 12/21/2022 TO THE ISCC FACILITY AND PROMPTLY CONTACTED THE ISCC PROPERTY ROOM IN ORDER TO GET HIS INITIAL COMPLAINT FOR ESCANNING, BUT PLAINTIFF DID NOT RECEIVE ANY PROPERTY.  PLAINTIFF FILED NUMEROUS "GRIEVANCE CON-CERNS" SEEKING THE IMMEDIATE RETURN OF PLAINTIFF'S VITALLY NEEDED LEGAL DRAFTS AND MATERIALS. (SEE EXHIBIT-34, PARALEGAL NOTICE, GRIEVANCE CON-CERNS, AND PLAINTIFF'S "INVENTORIED PROPERTY LIST"DEMONSTRATING THAT PLAINTIFF **DID** HAVE ONE (1) BOX OF LEGAL MATERIAL).  ON 12/26/2022 PLAIN-TIFF FINALLY RECEIVED HIS MISSING LEGAL MATERIAL, WHICH HAD BEEN THOROUGHLY COMMINGLED, MIXED UP, MISSING PAPGES AND DISRUPTED TO THE POINT OF TAKING SEVERAL HOURS TO GET IT  RE-ORGANIZED AND PROMPTLY GIVEN TO THE ISCC ACCESS TO COURT PARALEGAL ON 12/27/2022.

60. PLAINTIFF EXERCISED DUE DILIGENCE IN HIS EFFORTS TO GET THE INITIAL COMPLAINT FILED AS SHOWN ABOVE.  IT APPEARS THAT THE DOCTRINE OF EQUI-TABLE TOLLING SHOULD APPLY AS PLAINTIFF HAS IDENTIFIED THE FACTORS THAT CAUSED PLAINTIFF TO FILE THE COMPLAINT LATE.  SEE **BALDWIN COUNTY WELCOME CENTER v. BROWN**, 466 U.S. 147, 152 (1984).

61. ALSO, PLAINTIFF HAS BEEN TRYING TO ACQUIRE MOST THE EXHIBITS HERETO FOR MANY, MANY MONTHS AND HAS JUST RECENTLY CAME INTO POSSESSION OF THEM WHICH DELAYED THE FILING OF THIS AMENDED COMPLAINT.

CLAIMS FOR RELIEF -V

FIRST CLAIM FOR RELIEF: PLAINTIFF INCORPORATES BY REFERENCE PARAPGAPHS ONE-THRU-34 AS FULLY STATED HEREIN.

A.    PLAINTIFF CLAIMS THAT THE DEFENDANTS PFPD, DEFENDANT JUDGES, AND DEFENDANTS PROSECUTORS , AS WELL AS ALL "UNKNOWN JOHN AND JANE DOE DEFENDANTS, HAVE ENGAGED IN COLLUSION ACTIVITIES DESIGNED TO PUNISH PLAINTIFF FOR EXERCISING HIS CONSTITUTIONAL RIGHTS.

B.    AS A RESULT OF THESE DEFENDANTS CONSPIRATORIAL ACTIONS, PLAINTIFF HAS SUFFERED GREAT EMOTIONAL DAMAGE AND LARGE LOSS OF MONIES.

C.    THE DEFENDANTS HAVE VIOLATED PLAINTIFF'S IDAHO AND U.S. PROTECTED CONSTITUTIONAL RIGHTS.

SECOND CLAIM FOR RELIEF: PLAINTIFF INCORPORATES BY REFERENCE PARAGRAPHS ONE-THRU-34 AS FULLY STATED HEREIN.

A.    PLAINTIFF CLAIMS THAT THE DEFENDANT ENGAGED IN **"STALKING HORSE"** ACTIVITIES WITH THE CLOSE INVOLVEMENT OF THE DEFENDANT PROSECUTORS, TO CAUSE PLAINTIFF TO BE CONVICTED OF ANY FORM OF A SEX OFFENSE THAT WOULD INSURE THAT PLAINTIFF WAS RE-INCARCERATED, AS RETALIATION FOR PLAINTIFF EXERCISING HIS IDAHO AND U.S. CONSTITUTIONAL RIGHTS.

B.    PLAINTIFF CLAIMS THAT THE DEFENDANTS INTENTIONALLY CAUSE PLAINTIFF'S PROPERTY TO BE STOLEN, DESTROYED BY RAIN DAMAGE, DAMAGED FOR FAILURE TO PROTECT UNDER THE IDAHO **"BAILMENT"** LAWS, WHICH RESULTED IN PLAINTIFF SUFFERING A HUGE LOSS OF MONIES AND REPLACEMENT COSTS.

C.    PLAINTIFF CLAIMS THAT BECAUSE OF THE DEFENDANTS ILLEGAL, UNLAWFUL AND UNCONSTITUTIONAL ACTIONS, PLAINTIFF HAS SUFFERED EXTREME EMOTIONAL INJURY REQUIRING PSYCHOLOGICAL ASSISTANCE AND MEDICATION.

THIRD CLAIM FOR RELIEF: PLAINTIFF INCORPORATES BY REFERENCE  PARAGRAPHS ONE-THRU-34 AS FULLY STATED HEREIN.

A.   PLAINTIFF CLAIMS THAT ALL THE DEFENDANTS HEREIN HAVE ENGAGED IN SPECIFIC **TARGETING**  AND **STALKING** OF PLAINTIFF WITH THE SPECIFIC INTENT TO CAUSE PLAINTIFF TO HAVE GREAT FEAR, ANXIETY, AND DEPRESSION, AS WELL AS INCREASED ANGER, TO HARASS PLAINTIFF INTO EITHER ACTING OUT OR MOVING FROM THE AREA, SIMPLY BECAUSE PLAINTIFF HAD BEEN CONVICTED OF A CRIMINAL OFFENSE AND STANDS UP FOR HIS RIGHTS.

B.   PLAINTIFF CLAIMS THAT ALL THE DEFENDANT HEREIN WORKED IN A CONSPIRACY TO ENGAGE IN **MALICIOUS PROSECUTION** WHEN THEY WILLFULLY LIED, FABRACATED INCIDENCE REPORTS, EXAGGERATED CRIMINAL CHARGES, SUBMITTED A FALISIED "FACEBOOK" POSTING FROM THE PFPD'S WEBPAGE ABOUT PLAINTIFF, THAT CAUSED GREAT DAMAGE TO PLAINTIFF'S NAME AND REPUTATION, IN VIOLATION OF THE COMMON LAWS,AND BOTH THE U.S. AND IDAHO CONSTITUTIONS.

C.   PLAINTIFF CLAIMS THAT BECAUSE OF THE ABOVE ACTIONS OF THE DEFENDANTS, PLAINTIFF HAS INCURRED GREAT DEBT DUE TO THE LOSS OF RESIDENCE, EMPLOY-MENT, FINANCES, MEDICAL CARE, ATTORNEY FEES, COURT COSTS IN PREPARING DEFENSES AGAINST THE EXAGGERATED AND FALSE CHARGES, IMPOUND/TOW FEES, AND LOANS TAKEN FROM PLAINTIFF'S PARENTS.

FOURTH CLAIM FOR RELIEF: PLAINTIFF INCORPORATES BY REFERENCE PARAGRAPHS ONE-THRU-34 AS FULLY STATED HEREIN.

A.   PLAINTIFF CLAIMS THAT THE DEFENDANTS HAVE VIOLATED PLAINTIFF'S PRO-TECTED CONSTITUTIONAL RIGHTS UNDER THE **FIRST, FOURTH, EIGHTH** AND **FOUR-TEENTH** AMENDMENTS TO THE U.S. CONSTITUTION; **ART.-I**, §§ 1, 6, 7, 8, 9, 10, 13, 17 &18 OF THE IDAHO CONSTITUTION; STATE AND FEDERAL **COMMON LAW** RIGHTS; **TITLE VII**-UNDER PROHIBITED DISCRIMINATION AGAINST THE DISABLED; AND **AMERICANS WITH DISABILITIES ACT** §§ 12101 - 12213.

JURY TRIAL -VI

62. PLAINTIFF DEMANDS TRIAL BY JURY.

RIGHT TO AMEND -VII

63. PLAINTIFF RESERVES THE RIGHT TO FILE ADDITIONAL AMENDED COMPLAINTS AS THE NEED MAY BE.

APPOINTMENT OF COUNSEL -VIII

64. PLAINTIFF IS REACHING THE POINT IN THIS LAWSUIT WHERE IT IS GETTING COMPLICATED AND NEEDS MORE LEGAL RESEARCH THAN PLAINTIFF HAS ACCESS TO, AS WELL AS MORE DIFFICULTY IN ACQUIRING EVIDENCE. PLAINTIFF BELIEVES THAT THERE IS LIST OF AVAILABLE ATTORNEYS WILLING TO ACCEPT THIS CASE IF THE COURT WOULD ASK THEM TO DO SO. PLAINTIFF SEEKS THE COURT TO APPOINT COUNSEL.

PRAYER FOR RELIEF -IX

65. PLAINTIFF PRAYS THE COURT TO:

A.  GRANT THE MOTION TO AMEND COMPLAINT.

B.  ISSUE AN AMENDED SCHEDULING ORDER TO ALLOW PLAINTIFF TO SEEK DIS-COVERY.

C.  GRANT A DECLARATION THAT THE DEFENDANTS DID VIOLATE PLAINTIFF'S RIGHTS AS IDENTIFIED IN THE **CLAIMS FOR RELIEF.**

D.  GRANT AN INJUNCTION HOLDING THAT DEFENDANTS HAVE FAILED TO COMPLY WITH THEIR DUTIES AS DEFINED UNDER THE LAWS OF IDAHO AND BOTH THE IDAHO AND U.S. CONSTITUTIONS, AND THE RULES, POLICIES AND PROCEDURES MANDATED BY THE PFPD AND CITY MANDATED REGULATIONS.

E.  HOLD THAT DEFENDANTS DID VIOLATE PLAINTIFF'S STATE AND U.S. CON-STITUTIONALLY PROTECT RIGHTS, WHEN THEY ENGAGED IN RETALIATORY ACTS AGAINST PLAINTIFF WHILE ACTING IN THEIR INDIVIDUAL AND OFFICIAL LIVES AND EMPLOYMENTS.

F.   AWARD PLAINTIFF CONPENSATORY DAMAGES IN THE SUM OF $57,399.00 FOR THE OUT OF POCKET EXPENSES OF IMPOUND FEES, BAIL, LOSS OF INCOME, LOSS OF RESIDENCE, LOSS OF EMPLOYMENT, DAMAGE TO PERSONAL PROPERTY, ATTORNEY FEES FOR CRIMINAL COURTS, AND TRAVEL EXPENSES.

G.   AWARD PLAINTIFF PUNITIVE DAMAGES IN THE SUM OF $950,000.00 AS PUNISHMENT FOR DEFENDANTS UNCONSTITUTIONAL, ILLEGAL AND UNLAWFUL RE-TALIATORY ACTS, CONSPIRACY TO DEPRIVE, CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS AND DUE PROCESS, HARASSMENT ACTS,DAMAGE TO PROPERTY, DAMAGE TO NAME AND REPUTATION, SLANDER, LIABLE NEGLIGENT ACTS, INTEN-TIONAL INFLICTION OF EMOTIONAL DISTRESS, AND ANXIETY THAT WAS HEAPED UPON PLAINTIFF.

H.   AWARD ALL COURT COSTS AND FEES, INCLUDING ATTORNEY FEES, IF COUNSEL MAKES AN APPEARANCE, TO PLAINTIFF.

I.   ANY AND FURTHER RELIEF THE COURT DEEMS APPROPRIATE.

DATED THIS __5__ DAY OF September 2024.

                                                CHADLEN D. SMITH-PLAINTIFF PRO SE

DECLARATION UNDER PENALTY OF PERJURY

I, CHADLEN SMITH, DECLARE AND SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT, AND THAT THE ATTACHED EXHIBIT ARE UNALTERED, AUTHENTIC COPIES OF THE ORIGINALS, TO THE BEST OF MY KNOWLEDGE AND BELIEF, PURSUANT TO 28 USC 1746.

DATED THIS __5__ DAY OF September 2024.

                                                CHADLEN SMITH-DECLARANT