UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DeWAYNE SMITH,<br><br>                  Plaintiff,<br><br>     v.<br><br>BLAINE COUSINS; DENISE<br>WOOLDRIDGE; B. HARRISON;<br>BRENDA KNIGHT; D. SANICOLA;<br>PAT KNIGHT; P. EISMANN; C.<br>MOROZUMI; W. GOODE; NEIL<br>UHRIG; REBECCA PEREZ; P.<br>BOWMAN; JOHN DOES 1 through 10;<br>and JANE DOES 1-10,<br><br>               Defendants. | Case No. 1:22-cv-00527-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Chadlen DeWayne Smith, a prisoner in the custody of the Idaho

Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil

rights action. Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss

some of Plaintiff's claims. *See* Dkt. 27. The Motion to Dismiss is now ripe for

adjudication.[1]

Having fully reviewed the record, the Court finds that the facts and legal

arguments are adequately presented in the briefs and record and that oral argument is

---

[1] Also pending is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint and Motion to
Review the First Amended Complaint. *See* Dkt. 42 & 44. Although these Motions are not ripe, the Court
need not wait for full briefing. The proposed Amended Complaint (Dkt. 43) is 23 pages long and,
therefore, violates General Order 342(A)(1)(a), which limits pro se prisoner complaints to 20 pages.
Therefore, Plaintiff's Motions will be denied.

MEMORANDUM DECISION AND ORDER - 1

unnecessary. Accordingly, because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, this matter shall be decided on

the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1.

Accordingly, the Court enters the following order granting in part the Motion to Dismiss.

## BACKGROUND

Plaintiff's Complaint in this action contains the following allegations. On

December 20, 2020, Post Falls police officers Blaine Cousins and Brian Harrison

illegally detained Plaintiff, without probable cause, when they stopped his car for

supposedly failing to signal. *Compl.*, Dkt. 3, at 2–3. The officers evidently had also been

responding to a report, communicated by Defendant dispatcher Denise Wooldridge,

arising from a tip regarding Plaintiff engaging in "suspicious behavior" by following

another vehicle. *Id*. at 2. After some time, the officers told Plaintiff he could leave but

would have to drive to another area because there had been neighborhood complaints

about Plaintiff's parked car. *Id*. at 2–3. Plaintiff was issued a citation for failing to signal

and for an invalid driver's license. The failure-to-signal citation was later dismissed. *Id*.

at 2.

Two days later, on December 22, 2020, Plaintiff went to the Post Falls Police

Department "to pick up public records he requested" regarding the December 20 traffic

stop and citations. *Id*. at 3. Plaintiff recorded video of this visit. Defendant police officer

Brenda Knight allegedly interfered with Plaintiff's recording by "remov[ing] the …

camera Plaintiff had set up on the lobby counter." *Id*. Brenda Knight and another officer,

Daniel Sanicola, then "accost[ed] Plaintiff" and told him he could not continue his video

recording. *Id.* Plaintiff left with some of the records he sought, but later had to submit another request for the rest.

Plaintiff returned to the Post Falls Police Department to retrieve the remaining records on December 28, 2020. Defendant Phillip Bowman and another officer provided the records to Plaintiff. Bowman then gave Plaintiff a criminal trespass warning and told him he would be arrested if he stayed and continued recording at the police department. Plaintiff left. *Id.* at 4. No official citation for trespass was actually filed.

Plaintiff attempted to contact the Chief of Police, Defendant Pat Knight, about the warning he received from Bowman. Pat Knight did not return Plaintiff's calls. Instead, Plaintiff received voicemails from Defendant Eismann regarding Plaintiff's inquiry.

On January 2, 2021, Defendant Cousins approached Plaintiff, who was in his parked car, and detained Plaintiff again. Cousins handcuffed Plaintiff, searched him, and seized a cell phone and camera with which Plaintiff was recording the interaction. *Id.* at 5. The basis for the detention was apparently a suspicion that Plaintiff had committed second-degree stalking, as Plaintiff had repeatedly parked in front of a certain residence. Another officer, Defendant Morozumi, said detaining Plaintiff on this basis was a "gray area." *Id.* at 6. Cousins and another officer, Defendant W. Goode, then allegedly conducted an illegal search of Plaintiff's phone.

Three days later, Post Falls police detective Defendant Neil Uhrig obtained search warrants for the camera and phone seized during Plaintiff's January 2 arrest. Uhrig allegedly exceeded the scope of the warrants by reviewing images instead of merely making a written inventory. *Id.* at 7–8. Though Uhrig found images of what initially

appeared to be child pornography, Plaintiff alleges that these images were actually from a medical presentation. Plaintiff argues that once Uhrig learned this, he no longer had cause to continue searching the camera and phone.

Uhrig posted on the Post Falls Police Department's Facebook page that Plaintiff had possessed 17 images of child pornography. *Id*. at 8–9. Uhrig also impounded Plaintiff's car, purportedly without probable cause, and searched it.

Plaintiff was initially charged with second-degree stalking based on the January 2, 2021, arrest. That charge was later dismissed. *Id*. at 7. It appears Plaintiff also was arrested for possession of child pornography, but prosecutor Rebecca Perez initially declined to prosecute. *Id*. at 9.

Uhrig then once again falsely claimed to have located child pornography on Plaintiff's phone and obtained another warrant. Eventually, Uhrig "was able to have [Prosecutor] Perez file and maliciously prosecute Plaintiff for [the] misdemeanor [of] General Sale or Distribution of Obscene Material … for the medical [images]." *Id*. Plaintiff was later acquitted of this charge.

Under the prison mailbox rule, Plaintiff filed his Complaint in this Court on December 27, 2022. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009); *Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

The Court previously screened Plaintiff's Complaint under 28 U.S.C. §§ 1915 and 1915A. Based on the allegations described above, the Court concluded that the Complaint appeared to state the following colorable claims under 28 U.S.C. § 1983: (1) retaliation and violation of free speech in violation of the First Amendment, based on the events of

December 20 and 22, 2022; (2) unreasonable search and seizure and false arrest under the Fourth Amendment, based on the January 2021 incident; and (3) false imprisonment and malicious prosecution claims under the Fourteenth Amendment, based on the criminal charges filed against Plaintiff. The Court also permitted Plaintiff to proceed on his Idaho state law tort claims of libel and slander, as well as unreasonable search and seizure claims under the Idaho State Constitution. *See Init. Rev. Order*, Dkt. 8. The Court noted that, although motions to dismiss in cases that have been screened under 28 U.S.C. §§ 1915 and 1915A are disfavored, Defendants still had a right to argue for dismissal "if the facts and law support such a motion." *Id*. at 13.

Defendants Blaine Cousins, Brian Harrison, Denise Wooldridge, Brenda Knight, Daniel Sanicola, Pat Knight, Pat Eismann, Phillip Bowman, and Rebecca Perez now assert that some of Plaintiff's claims must be dismissed.

First, Defendants Cousins, Harrison, Wooldridge, Brenda Knight, and Sanicola argue that any § 1983 or Idaho state law claims that arose prior to December 27, 2020, are barred by the statute of limitations. *See Memo. in Supp*., Dkt. 27-1, at 4–6. These include all of Plaintiff's claims against Harrison, Wooldridge, Brenda Knight, and Sanicola, as well as some of Plaintiff's claims against Cousins (those stemming from the December 20, 2020 traffic stop).

Second, Defendants Wooldridge, Pat Knight, Eismann, and Bowman contend the Complaint fails to state a plausible claim against them. *Id*. at 6–11.

Third, Defendant Perez asserts that all claims against her are barred by absolute prosecutorial immunity. *Id*. at 11–12.

Fourth and finally, Defendants argue that Plaintiff's state law claims of unreasonable search and seizure under the Idaho Constitution must be dismissed as noncognizable, meaning that no cause of action exists as a remedy for the alleged violations. *Id*. at 12–13.

## DISCUSSION

### 1.   Standard of Law

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is also appropriate where the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 at n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

A complaint fails to state a claim for relief if the factual assertions in the complaint are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint need not contain "detailed factual

MEMORANDUM DECISION AND ORDER - 6

allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.      All of Plaintiff's Federal and State Law Claims Against Defendants Harrison, Wooldridge, Brenda Knight, and Sanicola, as well as the Claims Against Defendant Cousins Arising from the December 20, 2020 Traffic Stop, Are Barred by the Statute of Limitations**

Defendants argue that the following claims are untimely: (1) Plaintiff's claims against Cousins, Harrison, and Wooldridge arising from the December 20, 2020 traffic stop; and (2) Plaintiff's claims against Brenda Knight and Daniel Sanicola arising from these Defendants' alleged interference with Plaintiff's video recording at the Post Falls Police Department on December 22, 2020.

The statute of limitations for § 1983 claims is the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). In Idaho, that limitations period is two years. Idaho Code § 5-219.

Though state law governs the limitations period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks

omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the injury—not "when the plaintiff suspects a legal wrong." *Id*.

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or paused) for a certain period of time during the deadline period within which he should have filed the lawsuit. State tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975).

Plaintiff acknowledges that the events described with respect to the December 20 and 22, 2020 traffic stop and visit to the Post Falls Police Department occurred on those two dates. All claims stemming from these interactions, therefore, should have been filed by December 20 or 22, 2022. Plaintiff's Complaint was not filed until December 27, 2022—five to seven days late.

Plaintiff claims that this delay is excused based on equitable tolling. *Memo. in Opp*., Dkt. 37-1, at 4. Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Therefore, Plaintiff is not entitled to equitable tolling to render timely the claims arising on December 20 and 22, 2020.

Plaintiff also contends he was not aware of the unlawful nature of his interactions with police until he reviewed all of the records from the December 20 traffic stop. *Memo. in Opp*. at 5. However, as explained above, the limitations period starts when the plaintiff knows of his injury—not when the plaintiff suspects a legal wrong. *Lukovsky*, 535 F.3d at 1048. Consequently, Plaintiff's claims against Defendants Harrison, Wooldridge, Brenda Knight, and Sanicola—as well as the claims against Cousins based on the December 20, 2020 traffic stop—are time-barred.

Plaintiff's Idaho state law claims stemming from the events of December 20 and 22, 2020 are also untimely. The limitations period for Idaho state law claims against a governmental entity, or an officer or employee of a governmental entity, is two years from when the claim "arose or reasonably should have been discovered, whichever is later." Idaho Code 6-911. Thus, for the same reasons as Plaintiff's § 1983 claims stemming from the events of December 20 and 22, 2020, his Idaho state law claims arising on those dates are also subject to dismissal as time-barred.

**3.     Plaintiff's Allegations Against Wooldridge, Pat Knight, and Eismann Fail to State a Claim on which Relief May be Granted, but the Complaint States a Plausible Retaliation Claim Against Defendant Bowman Based on the Events of December 28, 2020**

   ***A.     Defendant Wooldridge***

Defendants argue that Plaintiff's claims against Defendant Wooldridge, in addition to being untimely, are also subject to dismissal for failure to state a claim. The only allegation against Wooldridge is that, on December 20, 2020, she issued a dispatch report

to Officers Cousins and Harrison regarding Plaintiff's vehicle, which led to the traffic stop. *Compl*. at 2.

The Complaint does not contain any allegations suggesting that Wooldridge acted with a sufficiently culpable state of mind. To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). The Complaint does not plausibly suggest that Wooldridge communicated the information to Officers Cousins and Harrison with a purposeful, knowing, or reckless state of mind. Therefore, Plaintiff's claims against Wooldridge must be dismissed as implausible.

### B.   *Defendants Pat Knight and Eismann*

With respect to Defendants Pat Knight and Eismann, the Complaint contains the following allegations:

> Post Falls City Administrator, [nondefendant] Shelly Enderud … confirmed Plaintiff was not actually "served" with an "Official Trespassing Warning Notice" [as Defendant Bowman had implied on December 28, 2020], … and that [Plaintiff] would need to [communicate his complaints to] the Chief of Police, Pat Knight. Plaintiff made multiple attempts to reach out to Pat Knight yet instead only received voicemails returning his calls from [Post Falls Police Officer] P. Eismann …."

*Compl*. at 4.

MEMORANDUM DECISION AND ORDER - 10

Plaintiff's claims against Pat Knight and Eismann are implausible. Plaintiff alleges only that he tried to contact Pat Knight but that Knight did not return his calls—rather, Eismann did. Plaintiff has identified no federal constitutional or statutory right to have phone calls returned by a particular governmental official. Therefore, the Complaint fails to state a § 1983 claim on which relief may be granted against Defendants Pat Knight or Eismann.

### C.      *Defendant Bowman*

Plaintiff alleges that on December 28, 2020, Bowman threatened Plaintiff with a criminal trespass charge if Plaintiff stayed at the police department and continued his video recording. Video recording can be a form of protected speech, *see Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1203 (9th Cir. 2018), and the Complaint suggests that Defendant Bowman may have ordered Plaintiff to leave because of that recording.

These allegations are sufficient, at this early stage of the proceedings, to state a claim that Bowman retaliated against Plaintiff for exercise of protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (stating that the elements of a retaliation claim are that a state actor took adverse action because of a person's protected conduct and that the action would chill or silence a person of ordinary firmness from engaging in future protected activities). It may be that a person of ordinary firmness would not be chilled by a mere order to leave a police department building, but the record is insufficient for such a determination at this time. Further, though the threat of lawful arrest is generally insufficient to state a retaliation claim, it is unclear whether Plaintiff was actually subject to arrest for trespassing. Therefore, Plaintiff's retaliation claim

against Defendant Bowman appears plausible, and the request for dismissal of this claim will be denied at this time.

**4.      All of Plaintiff's Claims Against Defendant Perez Must Be Dismissed under the Doctrine of Prosecutorial Immunity**

Plaintiff asserts that prosecutor Rebecca Perez decided to charge him with criminal violations. Plaintiff also asserts that the charges were dismissed or that he was acquitted of the charges at trial. Defendant Perez contends she is entitled to prosecutorial immunity from all of Plaintiff's claims.

Prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991). Absolute prosecutorial immunity even extends to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001).

Here, Plaintiff's allegations against Perez state only that she decided to criminally prosecute Plaintiff. Charging decisions are unquestionably integral to the criminal justice process. *See Imbler*, 424 U.S. at 430. Therefore, Perez is entitled to absolute prosecutorial immunity, and Plaintiff's claims against her must be dismissed.

5.     **Plaintiff's Claims Based on the Idaho State Constitution Are Not Cognizable and Must Be Dismissed**

Plaintiff brings claims of unreasonable search and seizure pursuant to the Idaho State Constitution. As this Court has previously held, however, "Idaho does not recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. Cnty. of Benewah*, No. 2:18-CV-00320-DCN, 2020 WL 1049905, at *7 (D. Idaho Mar. 4, 2020) (unpublished), *aff'd*, 843 F. App'x 975 (9th Cir. 2021). Therefore, Defendants are correct that Plaintiff's state constitutional claims must be dismissed as noncognizable. This disposition does not affect Plaintiff's federal claims of unreasonable search and seizure under 42 U.S.C. § 1983.

## CONCLUSION

For the reasons set forth above, the following claims will be dismissed:

- All claims against Defendants Harrison, Wooldridge, Brenda Knight, Sanicola, Pat Knight, Eismann, and Perez;

- Plaintiff's claims against Defendant Cousins stemming from the events of December 20, 2020; and

- Plaintiff's unreasonable search and seizure claims under the Idaho Constitution.

MEMORANDUM DECISION AND ORDER - 13

# ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion to Review the Fist Amended Complaint and Motion for Leave to File First Amended Complaint (Dkt. 42 & 44) are DENIED for failure to comply with General Order 342(A)(1)(a).

2.      Defendants' Motion to Dismiss (Dkt. 27) is GRANTED IN PART as set forth above.

3.      The pretrial schedule in this matter is amended as follows:

      a.      Any amendments to pleadings must be filed within 90 days after entry of this Order.

      b.      All discovery must be completed within 180 days after entry of this Order.

      c.      Dispositive motions must be filed within 270 days after entry of this Order.

DATED: September 11, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 14