UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DeWAYNE SMITH,<br><br>                    Plaintiff,<br><br>     v.<br><br>BLAINE COUSINS; DENISE WOOLDRIDGE; B. HARRISON; BRENDA KNIGHT; D. SANICOLA; PAT KNIGHT; P. EISMANN; C. MOROZUMI; W. GOODE; NEIL UHRIG; REBECCA PEREZ; P. BOWMAN; JOHN DOES 1 through 10; and JANE DOES 1-10,<br><br>                    Defendants. | Case No. 1:22-cv-00527-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are the following motions: (1) Plaintiff's Motion to Amend the Complaint[1]; (2) Plaintiff's Motion for Extension of Time; and (3) Defendants' Motion for Summary Judgment. The Court will address these motions in turn.

---

[1] Plaintiff has not yet filed a reply in support of his Motion to Amend. However, for the reasons explained below, it is clear from the face of the Motion to Amend and from the proposed amended complaint that the Motion must be denied. Accordingly, the Court need not wait for Plaintiff's reply in order to resolve the Motion to Amend.

MEMORANDUM DECISION AND ORDER - 1

1.  **Plaintiff's Motion to Amend**

Rule 16(b) allows amendment after the deadline in the Court's scheduling order only if the moving party establishes "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment":

> [A] district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* (internal quotation marks and citations omitted).

The Court denied Plaintiff's previous motion to amend because it was filed after the deadline for amendments expired on December 11, 2024, and because Plaintiff had not attempted to establish good cause. *See* Dkt. 66. The Court finds no reason now to permit amendment, when the instant Motion to Amend was filed even later—over a year after the deadline.

Plaintiff alleges he was diligent in amending the complaint because "the need for amendment arose only after Plaintiff's criminal conviction was vacated by the Idaho Supreme Court[,] and [there is] newly discovered evidence which could not have been known earlier despite reasonable investigation." Dkt. 73 at 10.

However, Plaintiff's conviction was vacated on May 20, 2025. *See State v. Smith*, 569 P.3d 137 (Idaho 2025). Plaintiff provides no reason why the instant Motion to Amend was filed over *seven months* later. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (holding that district court did not abuse its discretion in denying motion to amend where plaintiffs "possessed the key documents forming the basis of their new theory of fraud in January 2020 yet failed to account for the five months between receiving the documents and filing their motion to amend in June 2020") (internal quotation marks omitted). Nor does Plaintiff identify the newly discovered evidence that supposedly exists.

Further, the Court concludes Defendants would suffer prejudice if the Court allowed amendment at this late date. Plaintiff filed the Motion to Amend after Defendants filed their Motion for Summary Judgment, and granting the motion to amend would likely require "reopening discovery so that [Defendants] could develop [their] evidence to prepare [their] defenses." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (upholding denial of motion to amend where motion was filed with summary judgment briefing because a "'need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint'") (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).

MEMORANDUM DECISION AND ORDER - 3

Because Plaintiff has not established diligence and because Defendants would be prejudiced by allowing the late proposed amendment, the Motion to Amend will be denied for lack of good cause.

The Motion to Amend will be denied for the additional reason that the proposed amended complaint violates the 20-page limitation set forth in General Order 342(A)(1)(a), *In Re: Procedural Rules for Prisoner Civil Case Filings and Prisoner E-Filing Program* (D. Idaho Feb. 7, 2019). Plaintiff was previously informed of this 20-page limitation yet has repeatedly disregarded it. *See* Dkt. 45 at 1 n.1. The Motion to Amend must be denied on this basis, as well.

**2.    Plaintiff's Motion for Extension of Time**

Plaintiff seeks yet another extension of time—until January 12, 2026—to file his response to Defendants' Motion for Summary Judgment. *See* Dkt. 74. However, this deadline has already passed, and Plaintiff still has not filed his response or requested another extension. Therefore, Plaintiff's Motion will be denied.

Plaintiff was previously warned that failure to file a timely response to Defendants' Motion for Summary Judgment would result in dismissal for failure to prosecute. *See* Dkt. 72. Accordingly, this case will be dismissed.

3. **Defendants' Motion for Summary Judgment**

Because this case will be dismissed for failure to prosecute, Defendants' Motion for Summary Judgment is moot.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend the Complaint (Dkt. 73) is DENIED as untimely and as noncompliant with General Order 342(A).

2. Plaintiff's Motion for Extension of Time (Dkt. 74) is DENIED.

3. This case is DISMISSED with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

4. Defendants' Motion for Summary Judgment (Dkt. 67) is MOOT.

DATED: February 4, 2026

B. Lynn Winmill
U.S. District Court Judge